**William CLEMENT, Plaintiff,**

v.

**AETNA LIFE INSURANCE COMPANY, Defendant.**

**No. 1:03 CV 00834.**

United States District Court, M.D. North Carolina.

Jan. 14, 2005.

Michael Doran, Doran Shelby Pethel & Hudson, PA, Salisbury, NC, for Plaintiff.

Debbie Weston Harden, Katherine T. Lange, Womble Carlyle Sandridge & Rice, PLLC, Charlotte, NC, for Defendant.

## MEMORANDUM OPINION and ORDER

OSTEEN, District Judge.

Plaintiff William Clement brings this action against Defendant AETNA Life Insurance Company ("AETNA") to collect long-term disability benefits from a policy issued by AETNA to Plaintiff's employer, Duke Energy Corporation ("Duke"), as part of Duke's employee benefit plan. To recover the benefits, Plaintiff brings a single state law claim for breach of contract. This matter is before the court on Defendant's motion to dismiss and Plaintiff's motion to amend his complaint to add a claim under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA"). For the reasons set forth herein, Defendant's motion to dismiss will be denied and Plaintiff's motion to amend his complaint will be denied.

## I. BACKGROUND

The following facts are presented in the light most favorable to Plaintiff.[1]

---

1. In considering a motion to dismiss, the court must construe the facts in the light most favorable to Plaintiff. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Randall v. United States,* 30 F.3d 518, 522 (4th Cir. 1994).

Plaintiff was employed as a nuclear commodities technician for Duke in Charlotte, North Carolina. While employed with Duke, Plaintiff enrolled in a voluntary long-term disability benefits plan underwritten by an insurance policy issued by AETNA to Duke. On or about December 25, 1999, Plaintiff became disabled, rendering him unable to perform the material duties of his regular occupation and preventing him from obtaining any gainful employment. Thereafter, Plaintiff made a disability claim against the plan which was approved by Defendant. Defendant paid Plaintiff for his disability up to and including July 31, 2000, but terminated payments under the plan when Defendant determined Plaintiff was no longer disabled. Despite providing Defendant with evidence of his continuing disability, Plaintiff received no further payments under the plan.

Plaintiff filed suit against Defendant in the Superior Court of the State of North Carolina for the County of Rowan. The complaint alleges that Plaintiff's disability benefits should not have been terminated by Defendant and that Defendant's actions constitute a common law breach of contract. Defendant removed the suit to this court, alleging federal question jurisdiction in that ERISA controls the benefits under the employee benefit plan. Defendant now moves to dismiss the complaint on the ground that Plaintiff's breach of contract claim is preempted by ERISA. In response, Plaintiff moves to amend his complaint to add an ERISA claim.

## II. ANALYSIS

Defendant argues that the employee benefit plan and insurance policy are governed by ERISA. Thus, because ERISA supersedes and preempts any state law relating to employee benefit plans, Plaintiff's breach of contract claim is preempted. (Mem. Law Support AETNA's Mot. Dismiss Pl.'s Compl. at 1.) Plaintiff argues

in opposition that because the complaint alleges Plaintiff's right to collect benefits under an insurance contract, rather than from a self-funded employer trust fund, the breach of contract claim is not preempted. (Pl.'s Br. Resp. Def.'s Mot. Dismiss at 2.)

■ The court finds that the long-term disability plan at issue here falls within the purview of ERISA. ERISA applies to all employee welfare benefit plans established or maintained by "any employer engaged in commerce or in any industry or activity affecting commerce." ERISA § 4(a), 29 U.S.C. § 1003(a). An "employee welfare benefit plan," as defined by ERISA, is one which provides employees "medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, *disability*, [or] death," whether these benefits are provided "through the purchase of insurance or otherwise." *Id.* § 3(1), 29 U.S.C. § 1002(1) (emphasis added). Because Plaintiff's benefits originate from an employer-established program specifically intended to provide long-term disability benefits to employees through Duke's purchase of insurance from Defendant, Plaintiff's claim is covered by ERISA.

Additionally, there is no doubt that the breach of contract claim asserted by Plaintiff relates to an employee benefit plan and thus is preempted by ERISA. ERISA contains a broad supersedure provision preempting "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by § 1003 of the Act. *Id.* § 514(a), 29 U.S.C. § 1144(a). A law "relates to" an employee benefit plan and is preempted under § 1144(a) if, "in the normal sense of the phrase, ... it has a connection with or reference to such a plan." *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739, 105 S.Ct. 2380, 2389, 85 L.Ed.2d

728 (1985) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983)). More specifically, laws that "provide alternative enforcement mechanisms to ERISA's civil enforcement provisions" are preempted. *Darcangelo v. Verizon Communications, Inc.*, 292 F.3d 181, 190 (4th Cir.2002) (citing *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 658–59, 115 S.Ct. 1671, 1678, 131 L.Ed.2d 695 (1995)). Here, because Plaintiff's claim against Defendant for long-term benefits is a result of Defendant's alleged wrongful failure to pay benefits under the plan, Plaintiff's breach of contract claim is preempted. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987) ("The common law causes of action raised in [the plaintiff's] complaint, each based on alleged improper processing of a claim for benefits under an employee benefit plan, undoubtedly meet the criteria for pre-emption under § 514(a)."); *Darcangelo*, 292 F.3d at 195 ("Because [the plaintiff's] breach of contract claim is an alternative enforcement mechanism to [ERISA's civil enforcement provision], it is ... completely preempted.").

■ The breach of contract claim is not saved, as Plaintiff contends, because it is based on a breach of an insurance contract, rather than a self-funded trust fund. Plaintiff is correct that the supersedure provision includes a "savings" clause which provides that "nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." ERISA § 514(b)(2)(a), 29 U.S.C. § 1144(b)(2)(A). However, to be a "law ... which regulates insurance" and fall within the savings clause, a state law must meet a two-part test: (1) it "must be specifically directed toward entities engaged in insurance"; and (2) it "must substantially

affect the risk pooling arrangement between the insurer and the insured." *Kentucky Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329, 341–42, 123 S.Ct. 1471, 1479, 155 L.Ed.2d 468 (2003). Plaintiff's breach of contract claim does not fall within the savings clause because it fails both prongs of this test. Therefore, Plaintiff's breach of contract claim is preempted by ERISA.

■ Having determined that Plaintiff's claim for breach of contract is preempted by ERISA, the court must now decide whether dismissal is appropriate. The Fourth Circuit Court of Appeals has held that if a state law claim seeks remedies that fall within the civil enforcement provision of ERISA, ERISA § 502(a), 29 U.S.C. § 1132(a), federal courts should not dismiss the claim but treat it as a federal ERISA claim. *Singh v. Prudential Health Care Plan, Inc.*, 335 F.3d 278, 290 (4th Cir.2003); *Darcangelo*, 292 F.3d at 195 ("What was a state claim for breach of contract becomes a federal claim for the enforcement of contractual rights under [ERISA] § 502(a)(1)(B)."). However, if the state law claim seeks remedies outside the scope of ERISA's civil enforcement provision, the state law claim should be dismissed. *Singh*, 335 F.3d at 290.

■ ERISA's civil enforcement provision provides, in part, that a civil action may be brought by a plan participant or beneficiary to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Plaintiff's breach of contract claim seeks benefits allegedly owed him under the plan. (Compl.¶ 17(a).) Thus, Plaintiff's requested remedy is the same remedy provided for by ERISA's civil enforcement provision. As a result, Plaintiff's claim for

breach of contract will not be dismissed but will be treated as a federal cause of action brought under ERISA § 502(a)(1)(B). Amendment of the complaint is unnecessary. Defendant shall answer Plaintiff's complaint for relief under ERISA within ten days of notice of this decision, pursuant to Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure.

## III. CONCLUSION

IT IS HEREBY ORDERED, for the reasons stated herein, that Defendant's Motion to Dismiss [2] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend Complaint [8] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's state law claim for breach of contract shall be treated as a claim for civil enforcement under ERISA § 502(a)(1)(B) and that Defendant shall answer Plaintiff's complaint within ten days of notice of this decision.